IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| PHILLIP M. VELAZQUEZ, Institutional ID No. 175528, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 5:19-CV-176-BQ |
| BRANDI CARSWELL, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Phillip M. Velazquez filed this action under 42 U.S.C. § 1983 alleging Defendant Brandi Carswell violated the Constitution by acting with deliberate indifference to his serious medical needs during his detention at the Lubbock County Detention Center (LCDC). Compl. 3–4, ECF No. 1. He seeks monetary damages. *Id.* at 4.

Velazquez filed his Complaint on August 27, 2019, and the United States District Judge transferred this case on September 23 to the undersigned United States Magistrate Judge for further proceedings. ECF Nos. 1, 10. The undersigned thereafter reviewed Velazquez's Complaint, as well as authenticated records provided by Lubbock County, and ordered Velazquez to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). ECF No. 13. Velazquez timely completed and returned the questionnaire. ECF No. 14.

Velazquez has not consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned makes the following findings and conclusions and recommends that this action be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

1

## I.     Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such

plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. **Discussion**

### A. **Velazquez's Claims**

In his Complaint, Velazquez names Brandi Carswell as Defendant.[1] Compl. 3. Velazquez asserts that on July 31, 2019, he fought with another inmate at LCDC and injured his right shoulder. *Id.* at 4; Questionnaire 1, ECF No. 14. Immediately after the incident, at approximately 2:37 p.m., Carswell examined Velazquez and allegedly stated that "[he] was fine, and that [he] shouldn't have been fighting." Questionnaire 1, 3; *see* Compl. 4. Velazquez claims that Carswell "then rehoused [him] in general population instead of medical care." Questionnaire 1. Velazquez alleges that later the same day, at approximately 10:15 p.m., he submitted a second sick call request complaining of a "dislocated shoulder," and an LCDC nurse (whom he does not name as a defendant) examined him and prescribed a sling, ice packs, pain reliever, and a double mattress. *Id.* at 3. The following day, August 1, 2019, LCDC medical staff took x-rays of his shoulder, determined it was dislocated, and transported Velazquez on August 2 to University Medical Center (UMC) in Lubbock, Texas, for treatment. *Id.* Velazquez contends, however, that due to Carswell's "poor speculation, [he] was forced to endure excruciatiang [sic] pain" for fifty-six hours. *Id.* at 1–2; Compl. 4. Velazquez seeks monetary damages for his injuries. Compl. 4.

---

[1] In his Complaint, Velazquez spells Carswell's first name as both "Brandi" and "Brandy." Compl. 1, 3–4. The authenticated records reflect that her name is spelled "Brandi."

B.  **Velazquez has not pleaded facts demonstrating that Carswell was deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment.**

The Constitution imposes on government officials the duty to provide adequate medical care.[2] *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish a constitutional violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) (explaining that because "only the 'unnecessary *and wanton* infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs" (emphasis in original)). Deliberate indifference "is an 'extremely high' standard to meet" (*Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009)), and requires satisfaction of both an objective and a subjective component. *Rogers*, 709 F.3d at 410. An inmate must first prove objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). As to the subjective component, a prison official acts with deliberate indifference only where he (1) knows the inmate faces a substantial risk of serious harm and (2) disregards that risk by failing to take reasonable measures to abate it. *Id.*; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (stating prison official is not liable for denial of medical treatment unless he knows of and disregards an excessive risk to inmate health or safety).

A prison official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of*

---

[2] As a pretrial detainee at the time in question, Velazquez's rights derive from the Fourteenth Amendment rather than the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (stating that pretrial detainee's rights "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment"). Nevertheless, because basic human needs (such as medical care) are the same for pretrial detainees and convicted inmates, courts apply the same standard under either amendment. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

4

*Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)) (alterations and internal quotation marks omitted). "[D]eliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001). Instead, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brewster*, 587 F.3d at 770 (quoting *Farmer*, 511 U.S. at 837); *see Lawson v. Dall. Cty.*, 286 F.3d 257, 262 (5th Cir. 2002) (holding that deliberate indifference is a "subjective inquiry," and inmate must show prison official was actually aware of risk of harm and consciously ignored it).

Allegations of malpractice, negligence, or unsuccessful treatment fail to establish deliberate indifference. *Gobert*, 463 F.3d at 346. Similarly, an inmate's disagreement with the medical treatment provided does not give rise to a constitutional claim (*Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)), and a delay in delivering medical care creates constitutional liability only where the alleged deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In sum, an inmate must demonstrate that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs" to state a viable Eighth Amendment claim for deliberate indifference to serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Here, Velazquez has not demonstrated that Carswell intentionally treated him incorrectly or otherwise engaged in conduct that evinces a wanton disregard for his serious medical needs. Even taking as true Velazquez's claim that Carswell failed to diagnose him with a dislocated right shoulder and released him to general population, "forc[ing] [him] to endure excruciatiang [sic]

pain" for fifty-six hours (Questionnaire 1–2), "this allegation, without a further showing of deliberate indifference to serious medical needs, does not rise to the level of a constitutional violation." *Morgan v. Tex. Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 507 (5th Cir. 2013). "[A] complaint that a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106; *see Farmer*, 511 U.S. at 835 (explaining "that deliberate indifference describes a state of mind more blameworthy than negligence"); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (collecting cases) ("[A]lthough inadequate medical treatment, may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not.").

Velazquez concedes, and the authenticated video recording shows, that Carswell examined him on July 31, 2019, immediately following the fight. Compl. 4; Questionnaire 1. Velazquez avers that because of Carswell's "poor speculation," she did not accurately diagnose and treat his dislocated shoulder. Questionnaire 2. Velazquez provides no facts, however, either in his Complaint or questionnaire responses, demonstrating Carswell was aware of facts supporting an inference that a substantial risk of serious harm existed *and* that she in fact drew such an inference. At best, Velazquez alleges Carswell failed to alleviate a significant risk she *should have* perceived but did not—such conduct does not constitute deliberate indifference.[3] *Domino*, 239 F.3d at 756.

---

[3] The authenticated medical records reflect that, in response to Carswell's initial evaluation, a nurse practitioner ordered x-rays of Velazquez's right shoulder on July 31, i.e., the day of the incident. Were the Court to go beyond merely accepting Velazquez's allegations as true, and consider the authenticated records as it may during case screening (*see, e.g., Wilson*, 926 F.2d at 483–84 (holding court may consider reliable evidence such as authenticated prison records in making frivolousness determination)), such a referral provides further justification for dismissing his claim against Carswell. In addition, Velasquez admits that, in response to a sick call request he placed on July 31 at 10:15 p.m. (i.e., eight hours after the incident), a nurse examined him (within fifteen minutes of submitting the request) and prescribed a sling, ice packs, pain reliever, and double mattress. Questionnaire 3. He further confirms that the next day, LCDC medical staff x-rayed his right shoulder and transported him to UMC on August 2, where a physician put his shoulder back into place. *Id.*

Construed most favorably, Velazquez's allegations amount to nothing more than negligence, malpractice, or disagreement with treatment, which does not support a claim of deliberate indifference under § 1983. *See Watson v. Basse*, 539 F. App'x 432, 432–33 (5th Cir. 2013) ("To the extent that [prisoner] claims that the defendants initially misdiagnosed his back injury, that their treatment regimen was too conservative, and that their diagnostic and palliative efforts were insufficient, his disagreements with his medical treatment and his allegations of negligence do not state valid claims of deliberate indifference to his serious medical needs."); *Garrett v. Univ. of Tex. Med. Branch*, 261 F. App'x 759, 760 (5th Cir. 2008) (affirming district court's dismissal of prisoner's deliberate indifference claim, where prisoner's complaint that defendant's misdiagnosis caused his condition to worsen and resulted in extreme pain did not rise to a constitutional violation); *Bennett v. Minei*, No. 3:15-CV-4069-D, 2016 WL 6905935, at *2 (N.D. Tex. Aug. 26, 2016) ("Although [detainee] claims that . . . Defendants failed to diagnose and treat his broken ribs, [his] allegations establish, at most, a claim of negligence."). As stated, Velazquez's assertions that Carswell "should have called the paramedics, immediatly [sic], then provided some type of pain killer" and placed him in "medical care" (Questionnaire 1–2) amount to nothing more than disagreement with medical care and do not give rise to a constitutional violation. *Domino*, 239 F.3d at 756; *see also Estelle*, 429 U.S. at 293 (explaining that the question of whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment"); *Atkins v. Bradford*, No. CA C-12-331, 2012 WL 6132508, at *6 (S.D. Tex. Nov. 9, 2012) (noting prisoner's claim that officials should have taken him to the hospital because he was burned amounted to a disagreement with the treatment provided and did not state a claim for deliberate indifference).[4]

---

[4] Liberally construing Velazquez's claim against Carswell as also alleging a delay in treatment provides no different result. *See* Questionnaire 1 (asserting that his "shoulder was dislocated for well over 56 hours," thereby demonstrating

In sum, based on the facts Velazquez alleges, he has failed to demonstrate that Carswell intentionally treated him incorrectly or ignored his serious medical needs. Accordingly, his claim for deliberate indifference to serious medical needs under the Fourteenth Amendment should be dismissed.

### III.  Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Velazquez's Complaint and all claims therein with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### IV.  Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

---

deliberate indifference); *see also* Questionnaire 2 (contending that Carswell should have "sent [him] to the emergency room the moment [his] shoulder was dislocated, just as a free human being would be"). To establish a viable claim based on delayed treatment, a plaintiff must show that defendants acted with deliberate indifference and that the delay caused plaintiff substantial harm. *See Mendoza*, 989 F.2d at 195. As discussed herein, Velazquez has failed to plead any facts showing that Carswell (the only named Defendant) acted with deliberate indifference. He therefore cannot state a claim based on any alleged delay in treatment. Although Velazquez may have desired quicker treatment, his allegations amount to, at best, a disagreement in treatment, which is not actionable. *See Domino*, 239 F.3d at 756; *see also Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) (noting that prisoners are not entitled to "the best [treatment] that money [can] buy").

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December __6__, 2019

                                                                                               
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**