UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| PHILLIP M. VELAZQUEZ,<br>Institutional ID No. 175528,<br><br>       Plaintiff,<br><br>v.<br><br>BRANDI CARSWELL,<br><br>       Defendant. | No. 5:19-CV-00176-H |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Plaintiff filed objections (Dkt. No. 17) and a motion to amend his claim (Dkt. No. 18). The Court conducted a de novo review of the relevant portions of the Magistrate Judge's report. For the reasons stated below, Plaintiff's objections are overruled, his motion to amend is denied as futile, and the Court accepts the findings, conclusions, and recommendation of the United States Magistrate Judge.

**1. Procedural History**

The Magistrate Judge found that Plaintiff's factual allegations failed to state a claim for deliberate indifference. As a result, the Magistrate Judge recommended that this Court dismiss Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**2. Plaintiff's Claim**

Plaintiff, proceeding pro se and *in forma pauperis*, filed a civil-rights action pursuant to 42 U.S.C. § 1983 against Defendant Brandi Carswell, alleging that she violated the Eighth Amendment of the Constitution by acting with deliberate indifference to his serious medical

needs during his detention at the Lubbock County Detention Center (LCDC). Plaintiff claims that on July 31, 2019, he injured his right shoulder during a fight with another inmate. (Dkt. No. 14 at 1.) Immediately after the altercation, Plaintiff was examined by Carswell, who allegedly stated that "[he] was fine, and that [he] shouldn't have been fighting." *Id.* Plaintiff alleges that Defendant Carswell "dismissed [him] back to general population" instead of sending him to the infirmary. *Id.* at 1–2. Plaintiff claims that later the same day, he submitted a sick call complaining of his shoulder injury, and an LCDC nurse examined him and prescribed a sling, ice packs, pain relievers, and a double mattress. *Id.* at 3. The following day, LCDC medical staff took x-rays of Plaintiff' shoulder, determined it was dislocated, and transported him to University Medical Center for treatment. *Id.* Plaintiff claims that he was "forced to endure excruciatiang [sic] pain" for fifty-six hours as a result of Carswell's "poor speculation." *Id.* at 1–2.

      Plaintiff filed a motion to amend his claims to bring them under the Fourteenth Amendment rather than the Eighth Amendment. Because Plaintiff was a pretrial detainee when his claim accrued, the Court analyzes his claim through the lens of the Fourteenth Amendment due process clause. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996). However, as noted by the Magistrate Judge, the deliberate-indifference standard is the same whether applied under either the Eighth or Fourteenth Amendment. (Dkt. No. 15 at 4 n.2) *See Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). Thus, Plaintiff's request to amend his claim to reframe it under the Fourteenth Amendment does not meaningfully alter the Court's analysis. Permitting his requested amendment does not save his claim from summary dismissal. Thus, the motion is denied as futile.

3. **The Court overrules Plaintiff's objections and accepts the Magistrate Judge's findings, conclusions, and recommendation.**

To make out a deliberate indifference claim, an inmate must first prove objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Then, the inmate must demonstrate a subjective component by proving that the prison official (1) knows the inmate faces a substantial risk of serious harm and (2) disregards that risk by failing to take reasonable measures to abate it. *Id*. The Magistrate Judge found that Plaintiff's claims, construed most generously, demonstrated negligence on the part of Defendant Carswell or disagreement with her treatment, neither of which are sufficient to establish deliberate indifference. (Dkt. No. 15 at 7.) *See Garrett v. Univ. of Tex. Med. Branch*, 261 F. App'x 759, 760 (5th Cir. 2008).

Plaintiff filed specific objections to the Magistrate Judge's report. He does not allege any new facts, but he argues that the facts alleged in his pleadings support both the objective and subjective components of the deliberate-indifference analysis. First, he argues that his injury was so apparent that even a lay person would have known he required medical attention. He claims that because it was obvious his shoulder was dislocated, the objective component is met—Defendant Carswell knew he was injured and needed medical attention. Then, he argues that the subjective component can be inferred from Defendant Carswell's statement that Plaintiff should not have been fighting.
The Court assumes for the sake of argument that a dislocated shoulder constitutes a serious medical need. The authenticated surveillance video footage supports Plaintiff's contention that his injury was apparent. In the video, Plaintiff's arm is hanging limp at his side. But it belies his contention that Defendant Carswell ignored his medical needs. Plaintiff admits—

3

and the video shows—that Defendant Carswell examined his shoulder immediately after the injury occurred.  The video also directly contradicts Plaintiff's claim that Defendant Carswell sent him back to general population.  Rather, the video shows Defendant Carswell escorting Plaintiff out of his general-population housing area after examining him and taking him down a hallway.  The authenticated records indicate that Plaintiff was taken to the medical wing for further evaluation, which is consistent with what the video shows.  The records also suggest that around the same time, a different medical provider at LCDC ordered an x-ray of Plaintiff's shoulder.  Plaintiff disputes this fact.  *See* Dkt. No. 14 at 3.

At this stage in the screening process, the Court must accept Plaintiff's allegations as true and cannot rely on the written records to rebut Plaintiff's factual allegations.  *See Williams v. Luna*, 909 F.2d 121, 124 (5th Cir. 1990) (holding that prison records could not be used to refute plaintiff's *Spears*-hearing testimony).  However, the Court must give credit to video evidence that "utterly discredits" a plaintiff's allegations.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Moreover, the Court is not bound to adopt a plaintiff's characterization of events as fact where such video evidence contradicts their testimony.  *See Thompson v. Mercer*, 762 F.3d 433, 435 (5th Cir. 2014).  Here, the video evidence directly contradicts Plaintiff's contention that Defendant Carswell released him straight back into general population, so the Court does not accept Plaintiff's characterization of the events as fact.

And even if Defendant Carswell had actual knowledge of a risk of substantial harm to Plaintiff, his admissions in conjunction with the authenticated video evidence show that Defendant Carswell did not refuse to treat him, ignore his complaints, or intentionally treat him incorrectly.  At a minimum, Defendant Carswell examined Plaintiff's shoulder and escorted him out of general population.  Plaintiff's claims, therefore, amount to nothing

4

more than disagreement with treatment, which is insufficient to establish deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff's objections are overruled. The Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

**4.   Conclusion**

The Court orders:

(1)   Plaintiff's complaint is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

(2)   Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

(3)   This dismissal shall count as a qualifying dismissal, or "strike," under 28 U.S.C. §§ 1915 and 1915A, 42 U.S.C. § 1997e, and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), because Plaintiff sought *in forma pauperis* status and failed to state a claim. Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

(4)   All relief not expressly granted is denied, and any pending motions are denied.

(5)   Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated July 22, 2020.

                                                     JAMES WESLEY HENDRIX
                                                     United States District Judge